Filed 3/6/26  P. v. Maldonado CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C103204 |
| Plaintiff and Respondent, | (Super. Ct. No. 24CR-001406) |
| v. | |
| YURITZA GUADALUPE MALDONADO, | |
| Defendant and Appellant. | |

Defendant Yuritza Guadalupe Maldonado appeals the denial of her Penal Code section 1018[1] motion to withdraw her no contest plea to a negotiated charge of felony dissuading a witness (§ 136.1, subd. (b)(1)).  On appeal, Maldonado contends the trial court erred in denying her motion, because her mistaken understanding of the immigration consequences of her plea was good cause to withdraw it.  We find no abuse of discretion and will affirm the order denying the motion to withdraw the plea.  Maldonado also contends, and the People agree, that the provision in the probation order

---

[1]      Undesignated statutory references are to the Penal Code.

1

requiring her to reimburse Tehama County for public defender and probation related services must be stricken. We will strike this provision.

BACKGROUND

An information charged Maldonado with battery with serious bodily injury (§ 243, subd. (d)).[2] Pursuant to a plea agreement, the information was subsequently amended to add a count of felony dissuading a witness. (§ 136.1, subd. (b)(1).) Maldonado then pled no contest to the dissuading a witness charge in exchange for two years' formal probation, conditioned on serving 90 days in county jail. On the People's motion, the trial court dismissed the remaining count.

In a written plea form, Maldonado acknowledged that she understood that if she was not a United States citizen, her no contest plea "may result" in her deportation, exclusion from admission, or denial of naturalization. Maldonado also acknowledged in the plea form that she had a full opportunity to discuss the case with her attorney, including the immigration consequences of the plea. The trial court confirmed Maldonado understood everything on the plea form.

During the plea colloquy, the court advised Maldonado, "if you are not a citizen of this country, by entry of your plea today and conviction herein, it can result in your deportation, denial of readmission into this country, or affect your ability to become a naturalized citizen." Maldonado affirmed she had sufficient time to speak with defense counsel and was satisfied with his efforts on her behalf. After advising Maldonado of her rights and taking waivers, the trial court found the plea was knowing, intelligent, and voluntary, and that Maldonado understood the nature and consequences of the plea.

Maldonado waived preparation of a probation report, and the trial court immediately sentenced her. In accordance with the plea, the court suspended imposition

---

[2] The facts underlying the conviction are not relevant to our disposition and are, therefore, omitted.

2

of sentence and placed Maldonado on two years' formal probation, with a condition of serving 90 days in county jail. The probation order also required Maldonado to contact the Tehama County Probation Department to assist in determining her ability to reimburse the county for her public defender (former § 987.8) and probation related services (former § 1203.1b).

Approximately one month later, Maldonado's attorney filed a motion to withdraw her plea for good cause under section 1018. In the motion and attached declaration, Maldonado argued there was good cause to withdraw her no contest plea, as mistake and ignorance overcame her exercise of free judgment. In the declaration, Maldonado claimed she conferred with her immigration attorney prior to her entry of plea and based on her misunderstanding of the immigration attorney's advice, she agreed to the plea deal. She further indicated that she spoke with the immigration attorney after entering the plea and realized she had misunderstood the attorney's advice, and that she was "very stressed out" on the day of the plea. The motion also indicated that Maldonado had always maintained her innocence and wanted to proceed to trial. The People opposed the motion, noting Maldonado did not specify the misunderstanding or how it related to her plea.

At the hearing on the motion, defense counsel stated that in addition to Maldonado's confusion about the immigration attorney's advice, she was experiencing medical issues and suffering from emotional trauma, which affected her ability to think clearly. Defense counsel reported that Maldonado had been pursuing a DACA[3] application, but that Maldonado believed that going forward she would have other options available to her. After she entered the plea, the immigration attorney apparently informed her she was mistaken as to her immigration options. Defense counsel stated he

---

[3]     DACA refers to the Deferred Action for Childhood Arrivals immigration policy.

had exchanged e-mails with the immigration attorney who had not given him the specific information or advice conveyed to Maldonado, but had told defense counsel that any felony conviction would be "catastrophic" for Maldonado's DACA application. Defense counsel also reported that on the day of the plea, Maldonado had informed him that she had other immigration options, which is why he was comfortable with her pleading to a felony. The People acknowledged that, at the time of the plea, it was noted Maldonado was a DACA applicant, but argued that she had provided no documentation supporting her claims of mistake.

The court noted the negotiations for the plea went on for several weeks, including efforts to ensure it was an "immigration safe" disposition. The court recalled that it had reviewed the plea form with Maldonado and she indicated she understood everything on the form. The court also observed that Maldonado now claimed she was innocent and wanted to proceed to trial, a reason unrelated to an immigration-safe disposition. The court found that the reason for withdrawing the plea "sounds like a completely different scenario that had not been presented before, meaning regardless of any immigration issue that may or may not be present. She's just innocent and wants to withdraw her plea."

The trial court concluded there was not enough evidence submitted to establish good cause by clear and convincing evidence and denied the motion.

Maldonado timely appealed and obtained a certificate of probable cause.

DISCUSSION

I

Maldonado contends the trial court abused its discretion by denying her motion to withdraw her plea under section 1018. She contends her ignorance of the immigration consequences of her plea constituted good cause to withdraw her plea. We find no abuse of discretion.

"On application of the defendant at any time before judgment or within six months after an order granting probation is made if entry of judgment is suspended, the court

4

may . . . for a good cause shown, permit the plea of guilty to be withdrawn." (§ 1018.) " 'Good cause' means mistake, ignorance, fraud, duress or any other factor that overcomes the exercise of free judgment." (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 917.) "A defendant seeking to withdraw a guilty plea on grounds of mistake or ignorance must present clear and convincing evidence in support of the claim." (*People v. Patterson* (2017) 2 Cal.5th 885, 894.) " ' "Clear and convincing evidence requires a high probability, such that the evidence is so clear as to leave no substantial doubt." ' " (*In re Z.K.* (2011) 201 Cal.App.4th 51, 65.) A plea may not be withdrawn simply because a defendant has changed their mind. (*People v. Dillard* (2017) 8 Cal.App.5th 657, 665.)

In deciding whether to grant a motion to withdraw a guilty plea based on ignorance of immigration consequences, the trial court is " 'vested with discretion to grant or to deny the motion after considering all factors necessary to bring about a just result.' " (*People v. Patterson, supra*, 2 Cal.5th at p. 899.) In exercising this discretion, the court may consider "any [factors] that bear on the defendant's state of mind at the time of the plea." (*Ibid*.) The court may also consider its own observations of the defendant, their credibility, and their interest in the outcome of the proceedings. (*People v. Ravaux, supra*, 142 Cal.App.4th at p. 918; see *Patterson*, at pp. 898-899.) We review the trial court's decision whether to permit a defendant to withdraw a guilty plea under section 1018 for abuse of discretion. (*Patterson*, at p. 894.) " 'We do not reweigh the evidence or [assess] witness credibility.' " (*People v. Lopez* (2021) 66 Cal.App.5th 561, 574.)

Maldonado has not established the trial court abused its discretion. It is clear that immigration consequences were an important consideration to both parties in crafting the plea agreement, and they attempted to craft an "immigration-safe" disposition. According to Maldonado, they failed in that effort, at least with regard to her DACA application. Alone, however, these facts are not clear and convincing evidence establishing good cause to withdraw the plea under section 1018.

5

The trial court considered its observations of Maldonado during the plea process and her representations in the plea form and the plea colloquy. Maldonado was repeatedly advised of possible immigration consequences of her plea and indicated she understood the consequences of her plea. And Maldonado confirmed that she had a full opportunity to discuss the plea with her attorney, including the immigration consequences prior to her entry of plea.

The trial court weighed the claims in Maldonado's motion and in her declaration. Maldonado consulted with an immigration attorney about the plea and then claimed she misunderstood the attorney's advice as to the immigration consequences. However, Maldonado provided no specific information or objective evidence on what advice the immigration attorney gave her regarding the immigration consequences of the plea or in what way she was confused about the advice. The immigration attorney did not testify at the hearing or provide a declaration as to the advice given Maldonado, whether Maldonado appeared to understand the advice given, or the lack of alternative immigration pathways. Nor was defense counsel privy to the specific information or advice given to Maldonado. Through defense counsel, Maldonado claimed she thought there were immigration options other than DACA available to her and based on that belief, she entered the plea. However, Maldonado provided no evidence of what those options might have been, why she thought there were other options, or that they were foreclosed by her plea. What is clear from the plea colloquy is that Maldonado understood that the plea could impact her DACA application. In addition, the claimed misunderstanding of the immigration consequences was not the only basis on which Maldonado claimed there was good cause to withdraw her plea. Maldonado claimed she was "very stressed out" on the date of the plea, and her attorney indicated she was experiencing medical issues related to a work injury and was dealing with emotional trauma, which affected her ability to concentrate and think clearly. Maldonado also asserted that she had always maintained her innocence and was now interested in

6

pursuing a trial to defend against the charges. These reasons for withdrawing her plea are unrelated to her desire for an immigration-safe disposition and claimed ignorance of the immigration consequences of the plea. As the trial court noted, these additional claims suggest that Maldonado had alternative motives for seeking to withdraw her plea, irrespective of any immigration issues.

This record does not establish an abuse of discretion. In exercising its discretion, the trial court considered the factors bearing on Maldonado's state of mind at the time of the plea, its own observations of Maldonado, her credibility, and her interest in the outcome of the proceedings. Maldonado did not show, by clear and convincing evidence, that she entered her plea operating under ignorance that overcame her exercise of free judgment.

## II

The parties agree that paragraph No. 24 of the probation order requiring Maldonado to contact the Tehama County Probation Department to assist her in determining her ability to reimburse the county for public defender (former § 987.8) and probation related services (former § 1203.1b) must be stricken following the repeal of the statutes authorizing those fees.

Section 1465.9, subdivision (a), provides that the balance of any court-imposed costs imposed under former section 987.8, authorizing public defender fees, and former section 1203.1b, authorizing probation services fees, as those sections read on June 30, 2021, "shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (a); see also *People v. Portillo* (2023) 91 Cal.App.5th 577, 602-603; *People v. Greeley* (2021) 70 Cal.App.5th 609, 625.) Accordingly, we will strike the portion of the probation order authorizing these fees.

## DISPOSITION

The order denying Maldonado's motion to withdraw her plea is affirmed. The portion of the probation order requiring her to meet with the probation department to

7

determine her ability to reimburse Tehama County for public defender and probation services fees (paragraph No. 24) is stricken.  The trial court is directed to prepare a corrected order granting probation and to forward that order to the Tehama County Probation Department.

/s/
EARL, P. J.

We concur:

/s/
ROBIE, J.

/s/
MESIWALA, J.

8